IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No.   05-cv-826-WDM-CBS

VANGUARD CAR RENTAL USA INC.,

    Plaintiff,

v.

TRENT DALPONTE,

    Defendant.

---

## ORDER OF REMAND

Miller, J.

This matter is before me on plaintiff Vanguard Car Rental USA Inc.'s (Vanguard) motion to remand, filed May 31, 2005.  Defendant Trent Dal Ponte (Dal Ponte) filed his notice of removal on May 3, 2005, asserting this case was removable because of diversity of citizenship.  28 U.S.C. §§ 1332 & 1441.  Dal Ponte has failed to invoke the jurisdiction of this court and, as a result, this case will be remanded to the District Court, Adams County, Colorado.

Vanguard filed this case in the Adams County District Court, asserting state law claims for civil theft and unjust enrichment.  Vanguard is a Delaware corporation with its principal place of business in Oklahoma, while Dal Ponte is a resident of Colorado.  Based on the diversity of the parties, Dal Ponte removed the case to this court.

28 U.S.C. § 1441 generally provides that a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, removal based on diversity is available under § 1441 only if none of the defendants is a citizen of the state in which the action is brought. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 62 (1996) (*quoting* 28 U.S.C. § 1441(b)) ("When a plaintiff files a state-court civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant or defendants may remove the action to federal court, § 1441(a), provided that no defendant 'is a citizen of the State in which such action is brought'"). *See also Gaines-Tabb v. Mid-Kansas Co-op. Ass'n*, 980 F.Supp. 1424, 1427 (D.Kan. 1997). Dal Ponte has not disputed Vanguard's contention that he is a citizen of Colorado, and accordingly, removal on grounds of diversity is not permissible.

Nonetheless, he now argues that because two of his counterclaims, which he asserted subsequent to removal, are based on federal statutes, removal is proper under this court's federal question jurisdiction. It has long been the rule that "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998) (*quoting Williams*, 482 U.S. at 392)). As a result, "the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed and the case seeks entry into the

federal system. It is insufficient that a federal question has been raised as a matter of defense or as a counterclaim." *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326-27 (5th Cir.1998).  *See also Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir.1985) (citing cases in accord with proposition that "removability cannot be created by defendant pleading a counter-claim presenting a federal question").  Consequently, Dal Ponte's counterclaims may not prevent remand of this case.

Accordingly, it is ordered:

1. Plaintiff's motion for remand, filed May 31, 2005, (Docket # 9), is granted.
2. This case is remanded to the District Court, Adams County, Colorado.

DATED at Denver, Colorado, on July 12, 2005.

BY THE COURT:


/s/ Walker D. Miller
United States District Judge