IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No.   05-cv-826-WDM-CBS

VANGUARD CAR RENTAL USA INC.,

    Plaintiff,

v.

TRENT DALPONTE,

    Defendant.

---

**ORDER**

---

Miller, J.

This matter is before me on Defendant's motion to stay my order remanding this case to state court, filed July 29, 2005.  Plaintiff objects to the motion, and argues that it is frivolous, warranting sanctions under Fed. R. Civ. P. 11.

On July 12, 2005 I ordered that this case be remanded to state court due to Defendant's failure to invoke the jurisdiction of this court.  Following remand, a federal court is wholly deprived of jurisdiction to revisit or otherwise address its remand order.  *See Maggio Enter., Inc. v. Hartford Cas. Ins. Co.*, 132 F. Supp. 2d 930, 930 (D. Colo. 2001) (*quoting Seedman v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 837 F.2d 413, 414 (9th Cir.1988)).  Consequently, I have no jurisdiction to stay my remand order, and Defendant's motion should be denied.

Fed. R. Civ. P. 11(b) authorizes the imposition of sanctions when a party's

filings fail to present "claims, defenses, and other legal contentions [which] are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Fed. R. Civ. P. 11(b). Defendant has not responded to Plaintiff's request for sanctions; furthermore, the issue of whether I have jurisdiction to impose sanctions for conduct occurring *after* I determined that I do not have subject matter jurisdiction over the case may be unclear. *See Willy v. Coastal Corp.*, 503 U.S. 131, 137 (1992). Consequently, the parties should address this issue.

Accordingly, it is ordered:

1. Defendant's motion for stay, filed July 29, 2005 (Docket # 25), is denied.

2. Defendant shall respond to Plaintiff's request for sanctions by September 2, 2005, and shall address my jurisdiction to impose sanctions for conduct occurring following remand.

3. Plaintiff may reply on or before September 12, 2005, and if it does, shall also address the jurisdiction issue.

DATED at Denver, Colorado, on August 22, 2005.

                                                BY THE COURT:

                                                /s/ Walker D. Miller
                                                United States District Judge